THE STATE, EX REL. HUDSON AND MIDDLESEX TELE-
PHONE AND TELEGRAPH COMPANY, RELATOR, v. THE
TOWNSHIP COMMITTEE OF THE TOWNSHIP OF LIN-
DEN IN THE COUNTY OF UNION, RESPONDENT.

Argued February 21, 1910—Decided June 13, 1910.

1. Under the statutes of this state relating to telephone companies, such a company operating or desiring to construct a through line is entitled to a designation by the governing body of a municipality of a route for its poles and wires, and the manner of placing the same as a matter of right.

2. Such designation must be of a reasonably practicable route, and is not legally made when the prescribed route is already so occupied by other poles and wires as substantially to prohibit any further erections of that character.

3. A township has no right to designate for such route a county road over which it has no control.

4. The right vested in the municipality of imposing "such police and other proper regulations and restrictions as may be deemed

for the best interests of the municipality," when coupled with the statutory duty of designating a route as above, does not justify a requirement—(*a*) that the original consents of property owners be filed with the map of the route; (*b*) that a bond be given for the performance of the requirements imposed by the municipality; (*c*) prohibiting sale or transfer or rental to other parties without permission; (*d*) that municipal fire and police wires be carried on the poles free of charge; (*e*) that ownership of poles and wires shall vest in the municipality in case of abandonment or non-user. But reasonable provisions for removal of poles and wires in such last case, and for temporary removal to permit moving of houses, and forbidding trimming of trees without consent, are unobjectionable.

5. The Limited Franchises act of 1906 (*p.* 50), does not apply to cases where right to the use of streets and public places is derived from the legislature directly and not from the voluntary act of the municipality.

On rule to show cause why a writ of peremptory *mandamus* should not issue.

Before Justices GARRISON, SWAYZE and PARKER.

For the relator, *Andrew Foulds, Jr.*

For the respondent, *Theodore C. English* and *James B. Vredenburgh.*

The opinion of the court was delivered by

PARKER, J. The rule made in this matter requires the township committee of the township of Linden to show cause why a peremptory writ of *mandamus* should not issue commanding said committee to designate forthwith the streets in which the poles of the relator shall be placed, and the manner of placing the same, and giving such further relief as shall be deemed just.

The respondent shows for cause that it has passed an ordinance which it claims does designate the streets as required, and the manner of placing the poles in question, and asks that the rule be discharged. The relator replies that such ordinance is illegal in its requirements and conditions, designates an unreasonable and impracticable route, and generally is not

a compliance with the statutes in such case made; that relator is not bound to accept it, and is entitled to a designation of a proper route, free from such conditions and restrictions. The questions for determination therefore are as to the legality and reasonable character of the provisions of the ordinance.

The evidence taken pursuant to the rule satisfactorily demonstrates that the relator operates or desires to operate a through line, and was entitled, under our legislation, to a designation of its route through the township as a matter of right. *Pamph. L.* 1880, *p.* 201; *Pamph. L.* 1888, *p.* 546. By the act of 1900, page 74, section 8 of the Telegraph act of 1875 was amended in certain particulars, and it was claimed in *New York and New Jersey Telephone Co.* v. *Bound Brook,* 37 *Vroom* 168, that the amendment of 1900 so affected the prior acts cited as to give a discretion to municipal authorities to consent to or refuse the erection of poles, but this court held that in this particular the act of 1900 was a mere reenactment of section 8 of the act of 1875, the changes being in other respects, and that in consequence the acts of 1880 and 1888 remained unaffected, and the duty of designation in case of a through line still devolved upon the township authorities as intimated in *Home Telephone Co.* v. *New Brunswick,* 33 *Id.* 172. Since then section 8 of the act of 1875 has been further amended by chapter 195 of the laws of 1909. *Pamph. L., p.* 288. The section, as finally amended, contains seven provisos, one of which, the fourth, specifically enacts that permission by ordinance or resolution to erect poles, &c., for a through system shall not be required, "but for all such through lines or systems it shall be the duty of such governing body, on written application being made as now required by law, to designate by resolution the street or streets," &c., * * * "subject to such police and other proper regulations and restrictions as may be deemed for the best interests of such municipality to be set forth as aforesaid."

A point to be noted is that the designation is to be by resolution. Whether this by implication forbids a designation by ordinance may be a question. As an ordinance is legislation of a higher grade than a resolution, it would seem that desig-

nation by ordinance should satisfy the statute. The point is not important here, because relator itself submitted the designation that it desired in the form of an ordinance, and its present objection is for the most part to amendments thereof made by the township committee.

We have come to the conclusion that the ordinance, as amended and passed by the committee, is not a performance of the duty laid upon said committee by the statutes, and in order to avoid as far as possible further delay in the performance of that duty, we think it well to indicate the particulars in which the ordinance as passed fails to carry out the legislative intent.

1. Change of location of the line. Relator's proposed ordinance designated a line satisfactory to it. Respondent substituted another line, along a county road, where there are already four lines of poles and wires, two on each side. Relator says it is impracticable to build a fifth line on this road, and we think it at least so difficult as to make this designation an unreasonable one. Such a designation is not a performance of the statutory duty. The route must be reasonably practicable, although, of course, not necessarily that which relator requested. Subject to this requirement the choice is with the township. In the act of 1888, *ubi supra,* it was provided that "the street, streets or highways to be designated as aforesaid, shall be such as form a practicable and suitable continuous route for the line of said company through such municipality, commencing and ending upon a public highway, and shall be designated with due regard to the improvement of facilities for telegraphic or telephonic communications." We think this is the spirit of the act of 1909 also.

The ordinance has also designated a county road over which the township appears to have no jurisdiction, and, consequently, the required designation must be obtained from the board of freeholders. *Pamph. L.* 1905, *p.* 99, § 10; *Pamph. L.* 1909, *p.* 290, *proviso* 6.

2. Section 8 of the ordinance requires the original consents of property owners to the erection of poles to be filed with the relator's map of its route. No such requirement is per-

mitted by the statute. The consents must, of course, be obtained as a prerequisite to the erection of poles, but the committee has no jurisdiction over the consents and is not legally concerned in their existence.

3. Section 14 requires a bond in the sum of $5,000 to run five years, conditioned for the performance by the company of the provisions of the ordinance. No such security can be required as a condition of the designation.

4. Section 15 limits the right to maintain the line to a period of twenty years, and provides that on the expiration of such term the franchise shall lapse. This is apparently based on the act of 1906 (*p.* 50), regulating the granting by municipalities of consent to the use of streets, &c. But by section 1 of that act, as well as by its title, it is effective only where by law the consent of the municipality is required, and no consent is required in this case. Consent implies an exercise of free agency, and, as we have seen, the designation of a through route is a statutory duty. The limitation is therefore ineffective, and respondent had no right to enact it.

5. Section 17 forbids the assignment, sale, rental or transfer of any rights, privileges or franchises, "thereby granted or conferred," without the approval of the township committee. We think this is a matter regulated by law and not within the jurisdiction of the township committee.

6. The ordinance undertakes to reserve the right to the township of placing and maintaining fire or police wires on the poles. No such burden is authorized by the statute. The poles and wires are to be placed "subject to such police and other proper regulations and restrictions as may be deemed for the best interests of the municipality;" but the reservation of an easement on the poles is neither a regulation nor a restriction.

7. The ordinance lastly provides for vesting of the ownership of poles and wires in the township in case of abandonment or non-user for three months. This also is not a regulation or restriction. The provision that they may be removed in such case is not unreasonable, however; nor, as we view it, is that requiring commencement and completion of work

within a reasonable time. Whether a specific period is reasonable will depend on the season and other circumstances, among which may be the refusal of property owners to consent that poles be erected in front of their property and the consequent need of acquiring the right to erect them by condemnation—a proceeding requiring considerable time.

Relator objects to the provisions with respect to trimming of trees and temporary removal of wires to permit house moving. As both these requirements were in the proposed ordinance submitted by relator, we do not think it should be heard to complain of them, especially as we do not think them unreasonable.

Both parties having had full opportunity to submit evidence and to present their case, and having done both, the writ will be peremptory in form, and will require the township committee to designate the route for the poles and wires, and the manner of placing the same, &c., in the general-terms of the statute. The details of the ordinance have been passed upon in order that the township may be guided in making a proper designation in obedience to the writ. The relator is entitled to costs.